AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

| LODGED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| **9/19/25** |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____MRV_____ DEPUTY |

for the

Central District of California

United States of America

v.

Christopher CRABTREE,

Defendant

| FILED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 09/19/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____GR_____ DEPUTY |

Case No.  2:25-mj-05824-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 19, 2025 in the county of Los Angeles in the Central District of California, the defendants violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B) | Possession with intent to distribute methamphetamine |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Anastasios Metallinos
*Complainant's signature*

Anastasios Metallinos, U.S. Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:     September 19, 2025

*Judge's signature*

City and state:   Los Angeles, California

Hon. Karen Stevenson, U.S. Magistrate Judge
*Printed name and title*

AUSA: Rahul R.A. Hari (x6159)

## AFFIDAVIT

I, Anastasios Metallinos, being duly sworn, declare and state as follows:

### I.    PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint against, and arrest warrant for, Christopher CRABTREE ("CRABTREE") for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (possession with intent to distribute methamphetamine).

2.    The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II.    BACKGROUND OF AFFIANT

3.    I am a United States Postal Inspector with the United States Postal Inspection Service ("USPIS"), Los Angeles Division. I have been a federal law enforcement officer since 2018 and employed by the USPIS since July 2024.  I have completed a 16-week basic training academy in Potomac, Maryland, which included training in mail theft, mail fraud, and financial crime investigations, among others.  I am currently an Inspector with the Long Beach Mail Theft and Violent Crimes Team, where I investigate violations of postal law, including identity theft,

bank fraud, mail fraud, credit card fraud, and related financial crimes. I also investigate robberies, shootings, burglaries, firearms, and other related violent crimes perpetrated against United States Postal Service employees.

4.    From 2018 to 2024 and prior to my service as a U.S. Postal Inspector, I served as a law enforcement officer with the U.S. Customs and Border Protection Service, Department of Homeland Security.  As a Customs and Border Protection Officer, I enforced immigration and customs law at an international airport, and later, worked in a specialized unit for enforcement actions involving money laundering, prostitution, fraud, unlawful employment, drug smuggling, and terrorism.

5.    In almost seven years of law enforcement experience, I have completed thousands of hours of criminal investigations, including compiling information; interviewing victims, witnesses, and suspects; and collecting evidence to support criminal charges.  I have worked with other experienced state and federal law enforcement officers and supervisors and have gained knowledge and experience from them.

### III.    STATEMENT OF PROBABLE CAUSE

6.    Based on my review of law enforcement reports, photographs, body-worn camera recordings, and law enforcement databases; my conversations with other law enforcement agents; and my own knowledge of this investigation, I am aware of the following:

7.    On June 22, 2025, officers with the Long Beach Police Department conducted a traffic stop on a black four-door Maserati

near 340 W. Pacific Coast Highway, Long Beach, California 90806, in the Central District of California.  Officers initiated the stop after noticing the Maserati lacked a front license plate, had tinted front windows, and failed to appropriately stop at a stop sign.

8.   Officer C.P. with the Long Beach Police Department approached the front driver's side of the Maserati and saw a white male, later identified as CRABTREE, as the driver and only occupant of the car.

9.   Using CRABTREE's provided Texas Driver's License, Officer C.P. ran a records check on CRABTREE and learned that he was wanted on a felony, no bail warrant for operating a vehicle without the owner's consent (Orange County Sheriff's Department Warrant No. 21CF2218).

10.  Officer C.P. requested back-up to place CRABTREE under arrest.  Officer C.P. and two responding officers, Officers J.C. and D.N., placed CRABTREE under arrest on the outstanding warrant.  Officer C.P. confirmed CRABTREE's identifying information matched the information on the warrant.

11.  Because the Maserati was in a public roadway, Officer C.P. requested a tow truck to tow the vehicle and began an inventory search of the car with the other officers on scene.

12.  During the search, officers discovered two plastic bags containing an off-white crystalized substance that appeared to be methamphetamine.  Officers found a third baggie containing a smaller amount of what appeared to be the same off-white crystalized substance.

13.  On September 19, 2025, the Forensic Science Services Division of the City of Long Beach completed a laboratory analysis of the crystal substance found in one of the plastic bags recovered from CRABTREE's car.  An analyst confirmed that the tested substance was methamphetamine and weighed approximately 32.8 grams, without packaging.

14.  Based on my training and experience, I know this amount of methamphetamine to be consistent with distribution, not personal use, quantities.

15.  In addition to seizing the suspected methamphetamine, Long Beach Police Officers recovered the following items from CRABTREE's car:

a.    A loaded un-serialized black .380 Davis Industries handgun;



b.    100 rounds of 45mm Ball M193 rifle rounds;

c.    Two 20-gauge shotgun shells;

d.    An un-serialized short-barreled rifle loaded with a 30-round magazine of 5.56 caliber armor-piercing rounds;



e.    Two spare 30-round rifle magazines loaded with 5.56 caliber armor-piercing rounds; and



f.    Over 80 driver's licenses, social security cards, credit cards/debit cards, and insurance cards with the names and personal identifying information of individuals other than CRABTREE.

16.   On defendant's person, officers found two universal United States Postal Service keys, also known as arrow keys.

These keys are assigned to and authorized to be used exclusively by United States Postal employees.



17. Based on a records review in law enforcement databases, I learned that defendant has prior felony convictions in the State of California that prohibit him from owning or possessing a firearm or ammunition.

//

//

## IV.  CONCLUSION

18.  For all the reasons described above, there is probable cause to believe that CRABTREE violated 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (possession with intent to distribute methamphetamine).

_____/s/_____
Anastasios Metallinos
United States Postal Inspector

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 19th day of September, 2025.

_____
HONORABLE KAREN STEVENSON
UNITED STATES MAGISTRATE JUDGE